The opinion of the Court was delivered by
Wardlaw, J.
We are of opinion that the representative of the late Benjamin F. Hunt should be made a party defendant in this cause. As agent of Benjamin Jewell, he is involved in all the matters of controversy, and especially as to the amount of compensation to which he is entitled.
As the case must be remanded to the circuit, and new inquiry and report be made by the master, we consider it prudent to refrain from amplification of the facts now before us, which probably may be materially varied by further investigation. Standing as the matter now does, all the grounds of appeal seem to have some merit. We do not perceive on what principle B. F. Hunt, the younger, can be exempted from liability for rents actually received by himself and agents, while he was in possession of the premises, claiming ownership. He now disavows title, but from April, 1845, to June, 1854, it appears by the reports of the master that he received the reuts and returned the property to the tax collector as his own. It can make no difference as to. his liability, that he appropriated the sums received by him to purposes of benevolence and filial duty. It may be that he was then an obedient and facile sou of a dominant father, but he was of mature age, and practising law in partnership with his father, the agent of the administrator. It would render the administration of equity utterly indefinite and oscillating, if liability were considered dependent on the *322 easiness or kindness of disposition of the person pursued. The statute of limitations and the lapse of time would not avail this defendant, if pleaded, but it is enough to say that he makes no such defence.
We suppose, too, that the administrator of Benjamin Jewell is liable to account for any rent of the real estate of his intestate, received by himself and his agents. That he undertook the management of this real estate, and constituted Messrs. Hunt & Shand, as his attorneys in fact, for this purpose, are charged sufficiently in the bill, but with no great precision, and are substantially admitted in the answer. The primary duties of an administrator relate to the goods, chattels and credits of his intestate, and Ibis sureties in the administration bond do not undertake beyond the faithful administration of the personalty, but where he receives rents his personal liability is indisputable. The statute of 12 Geo. II, c. 5, 2 Stat., 570, making real estates liable equally with personalty, for debts, has produced a very common interference of administrators with the renting of land ; and it would be mischievous to hold that where they do interfere, they can take the rents to themselves, without responsibility.
Again, it seems to us that the large sum allowed to the administrator for the professional services of B. F. Hunt, the ■elder, proceeds on insufficient proof, and to a great extent is conjectural. It is manifest that he deserved large and liberal ■compensation, but the facts and principles on which his ■compensation was ascertained should be presented to the Court.
It is ordered and decreed, that the circuit decree in this •case be vacated and set aside, and that the cause be remanded to the circuit, with direction to the plain lifts to make the representative of B. F. Hunt, the elder, a party ■defendant, within three months, on pain of having their bill .dismissed.
O’Neall, C. J., and Johnston, J., concurred.

Decree set aside.